UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT CASEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| | ) | 12-cv-2558 JAR/DJW |
| COAST PROFESSIONAL, INC. | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

ROBERT CASEY, ("Plaintiff"), through the undersigned counsel, RAYMOND E. PROBST, JR., alleges the following against COAST PROFESSIONAL, INC., ("Defendant"):

### INTRODUCTION

1.     This is an action for actual and statutory damages brought by plaintiff Robert Casey, an individual consumer, against defendant Coast Professional, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and 1337.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

3.     Plaintiff, Robert Casey is a consumer, a natural person allegedly obligated to pay any debt, residing in Sedgwick County in the state of Kansas.

4.    Defendant, Coast Professional, Inc. is a foreign limited partnership engaged in the business of collecting debt in this state with its principal place of business located at 214 Expo Circle, Suite 7, West Monroe, LA 71292.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5.    Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

FACTUAL ALLEGATIONS

6.    Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7.    The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8.    Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff in April of 2012.

9.    Upon information and belief, within one year preceding the date of this complaint, Defendant, threatened to garnish Plaintiff's wages itself, when it cannot do so.

10.    Upon information and belief, within one year prior to the filing of this complaint, Defendant in connection with the collection of the alleged debt, asked Plaintiff's mother to relay a message to Plaintiff, without Plaintiff's consent; which is improper conduct with a third party who is unrelated to Plaintiff's alleged debt.

11.     Upon information and belief, Defendant told Plaintiff's mother during said conversation that their call was in regards to a job interview; when in actuality it was an attempt on the part of Defendant to collect on the alleged debt.

12.     As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in him feeling stressed, amongst other negative emotions.

CLAIM FOR RELIEF

13.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and
>
> (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and
>
> (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and
>
> (e) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and without the contact being in a manner covered by *§1692b* of the FDCPA.

15.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16.     As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Robert Casey for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant Coast Professional, Inc., for the following:

A.   Actual damages.

B.   Statutory damages pursuant to 15 U.S.C. § 1692k.

C.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D.   For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff ROBERT CASEY demands trial by jury in this action.

## DESIGNATION OF TRIAL LOCATION

The Trial in this cause of action will take place in United States District Court of Kansas City, Kansas.

This 27th day of August, 2012.

RESPECTFULLY SUBMITTED

BY:        /s/ Raymond E. Probst, Jr.
          Raymond E. Probst, Jr.
          KS Bar No. 20370
          Attorney for Plaintiff
          827 Armstrong Avenue
          Kansas City, KS  66101
          (913) 281-0699

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(678) 781-1012
alex@fdcpalawyeronline.com

4